IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sheri Hines, | Case No. 3:20 CV 620 |
| Plaintiff, | ORDER ADOPTING<br>REPORT AND RECOMENDATION |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

### INTRODUCTION

Plaintiff Sheri Hines seeks judicial review of an adverse social security decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Thomas Parker for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Parker recommends this Court affirm the Commissioner's decision denying Hines's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") (Doc. 15). Hines objects to the R&R (Doc. 16); Defendant responds (Doc. 17).

### BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 15). To summarize, Hines, age 54, alleges disability beginning in July 2016 due to panic attacks, anxiety, depression, arthritis, fibromyalgia, and PTSD (Doc. 11 at 234–47, 272). Hines has an 11th grade education (*id.* at 44). In the past, she has worked as a poultry-farm laborer, welding-machine tender, mixer of food products, forklift operator, and deli worker (*id.* at 45–55). Hines reported to her doctor that she had anxiety beginning in 2005 (*id.* at 390). Her health issues worsened following her son's death in an accidental overdose and her husband's suicide, which occurred within a few months of each other (*id.* at 776).

*Relevant Medical Evidence*

Hines was treated by Dr. Scott Jarvis, a primary-care physician, from September 2015 to April 2016. Hines reported having anxiety, difficulty sleeping, forgetfulness, and conflict/stress in social situations (*id.* at 371, 390, 398). Jarvis prescribed medication to Hines, noting that she was fully oriented, had appropriate mood and affect, and had normal memory, insight, and judgment (*id.* at 374, 392, 396, 400).

In May 2016, Hines saw Psychologist Esther Wangler, for a diagnostic assessment. Wangler noted Hines had no learning or communication difficulties, and that Hines reported normal job attendance and good performance at her past workplace (*id.* at 770). Wangler observed Hines had depression and bereavement issues following the death of her husband and son (*id.* at 776). She determined Hines had severe impairments managing time and coping, and diagnosed Hines with PTSD (*id.* at 776–80). At a follow-up appointment, Wangler noted some improvement in coping (*id.* at 703).

Between 2016 and 2018, Hines received treatment from various other medical professionals --- Jenna Kimmel, certified nurse practitioner; Christina Hampshire, social worker; Amy Lackey, RN; Christine Ulrich, certified nurse practitioner; Micah Sobota, pharmacist; Deanna Rego, LPN; Michael Rice, RN; and Dr. Almudallal, MD, which the R&R describes in detail (Doc. 15 at 3–7). Of note, are a June 2016 visit with Kimmel, where Hines reported some progress on her mental-health issues, and noted that returning to work had been helpful; an August 2017 visit with Rice, where Hines reported her medications were effective following a dosage increase; a July 2018 follow-up with Kimmel, where Hines reported she was a "little better," with less anger and depression; and a September 2018 visit with Dr. Almudallal, who attributed her memory loss to pseudodementia or masked depression (Doc. 11 at 457, 786, 878, 908).

***Consultative Examiner and State Agency Consultant Opinions***

Christopher Ward, Ph.D., examined Hines in July 2017, noting she performed satisfactorily in most areas and would have no trouble understanding complex instructions and carrying out work-related tasks (*id.* at 504–505). Ward also remarked that Hines could have difficulty engaging with co-workers and supervisors due to her anxious and emotionally overwhelmed state, and could have emotional instability when presented with critical supervisory feedback (*id.*).

Also in July 2017, Psychologist Kristen Haskins assessed Hines based on a review of her medical records. Haskins determined there was no evidence Hines would have significant limitation remembering work-like procedures, understanding detailed instructions, or maintaining regular attendance (*id.* at 84–88). She did conclude Hines would be moderately limited in her ability to interact appropriately with the general public, accept instructions, respond appropriately to criticism from supervisors, and get along with co-workers or peers without distracting them or exhibiting behavioral extremes (*id.* at 84, 89). Haskins opined that Hines would "perform best in a solitary environment without over the shoulder supervision" and should avoid frequent contact with the general public (*id.* at 89). In September 2017, Psychologist Courtney Zeune, a second state agency consultant, concurred with Haskins' opinion (*id.* at 112, 116–18).

At the hearing, an Administrative Law Judge ("ALJ") found as follows: Hines had the residual functional capacity ("RFC") to perform medium work, with some limitations; Hines was capable of understanding, remembering, and carrying out simple tasks, but that her job should be repetitive day-to-day with few expected changes; limitations would also include reducing interaction with the public, avoiding tandem tasks, removing responsibility for conflict resolution, and avoiding over-the-shoulder supervision (*id.* at 22, 24–25).

Case: 3:20-cv-00620-JZ Doc #: 18 Filed: 04/22/21 4 of 6. PageID #: 1091

The Commissioner denied Hines' applications for DIB and SSI, and her request for reconsideration (*id.* at 76–143). Hines requested an administrative hearing, which was heard in September 2018 (*id.* at 170–71). The ALJ denied the claims in a January 2019 decision (*id.* at 14–75). The Appeals Council denied further review in January 2020 (*id.* at 6–10). Hines then sought judicial review before this Court.

## STANDARD OF REVIEW

In reviewing a denial of benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). "Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## DISCUSSION

Hines argues that although the ALJ found the opinions of state agency psychologists "persuasive," she nonetheless constructed an RFC that ran contrary to those opinions (Doc. 16 at 2). Specifically, she argues that because the ALJ did not fully incorporate these opinions into the RFC, the decision is not supported by substantial evidence (*id.*). Hines also asserts the ALJ's reasoning

4

was not adequately explained, specifically arguing the ALJ failed to address her "need for only superficial interaction," in line with the opinions of the state agency psychologists (*id.* at 3).

Defendant correctly notes that an ALJ is "not obligated to explain each limitation or restriction adopted or not adopted from a non-examining physician's opinion." *Daniels v. Comm'r of Soc. Sec.*, 2020 WL 6913490, at 10 (N.D. Ohio 2020). This applies to cases such as this, where an ALJ finds an opinion "persuasive" but chooses not to adopt every part of that opinion verbatim. Nothing obligates an ALJ to make the leap from "persuasive" to "controlling." *Cf. Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (noting that an ALJ is not required to adopt medical opinions wholesale, even where the ALJ gives an opinion "great weight").

Further, the ALJ sufficiently accounted for Hines' "need for only superficial interaction" in her RFC calculation. Specifically, she limited Hines to jobs involving: "(1) no external source driving productivity; (2) occasional interaction with the public; (3) no tandem work; (4) no responsibility for conflict resolution; and (5) simple, repetitive work with few changes." (Doc. 15 at 16.) Courts have found that a "limitation to no tandem tasks is a qualitative limitation on social interaction," which "adequately addresse[s] [the administrative findings] that Plaintiff be limited to superficial interaction with others." *Kearns v. Comm'r of Soc. Sec.*, 2020 WL 2841707, at *12 (N.D. Ohio 2020). Here, the ALJ sufficiently evaluated the state agency psychologist opinions with respect to Hines' social limitations and incorporated those findings into the RFC. The ALJ's findings and RFC determination are supported by substantial evidence.

## Conclusion

The Objection (Doc. 16) is overruled, and this Court adopts the R&R (Doc. 15) in its entirety. The ALJ decision is upheld; the Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                   April 22, 2021